**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| GEORGE LITTLE, JEFFREY LITTLE, & MONICA SNIPES, | CIVIL ACTION FILE NO. |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CITY OF THOMASTON, GEORGIA, | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiffs, George Little, Jeffrey Little, and Monica Snipes, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant the City of Thomaston, Georgia and states as follows:

### I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III and IV of this Complaint, which arise out of 42 U.S.C. §§1983, 1981, and 1988.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count V of this Complaint, which arises out of the same transaction or occurrence as Counts I, II, and III of this Complaint.

4.      Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Macon Division of the Middle District of Georgia.

5.      Plaintiffs exhausted all administrative remedies in this matter.

## II. PARTIES

6.      Plaintiffs are citizens of the United States.

7.      Defendant is a local government with headquarters at 106 E Lee Street, Thomaston, Georgia 30286.

8.      Defendant may be served by delivering a copy of the Complaint and Summons to Russell Thompson, City Manager, 106 East Lee St., # 160, Thomaston, Georgia 30286.

9.      Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10.     At the time relevant to this Complaint, Plaintiffs were employed by the Thomaston Police Department, a division of Defendant's local government.

11.     Captain Monica Snipes is a 22-year veteran of the Thomaston Police Department.

12.     Plaintiff Snipes is African American.

13.     Plaintiff Snipes is assigned to the Criminal Investigation Division as the division commander.

14.     Lieutenant Jeffrey Little is a 27-year veteran of the Thomaston Police Department.

15.     Plaintiff Jeffrey Little is African American.

16.     Plaintiff Jeffrey Little is currently assigned to Support Services.

17.     Lieutenant George Little is a 23-year veteran of the Thomaston Police Department.

18.     Plaintiff George Little is African American.

19.     Plaintiff George Little was most recently employed as the supervisor of the Criminal Investigation Division.

20.     In 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant for race discrimination.

21.     That 2015 complaint (the "Complaint") alleged that promotional opportunities within the Police Department were being given to unqualified Caucasian individuals, without regard for professional experience.

22.     The Complaint was brought by eight African American officers employed by Defendant.

23.     Through negotiation of the Complaint, the parties agreed that the promotion process was tainted and that a promotional process would be put into place.

24.     That new promotional process would be either that of the Promotional Assessment Center Services of the GACP or a selection panel to include at least one African American member, the specific process to be chosen by the new Chief of Police.

25.     The parties also agreed that to participate in the promotional process one must hold the rank of Sergeant or better.

26.     Ultimately the parties to the Complaint reached a Settlement Agreement (the "Agreement"), developed a fair promotion process, added a new Lieutenant position, and increased the hourly rate.

27.     On or about August 19, 2016, the Police Department, through Chief Mike Richardson,

instituted revised promotion policies which mirrored the Agreement and waived any requirements of formal education for Defendants.

28.     The Chief confirmed that while going forward future applicants for promotions would be required to obtain formal education, officers hired before January 25, 2016 would be grandfathered in and not required to meet any of the formal educational requirements so long as they maintain continuous service with the Thomaston Police Department.

29.     Plaintiffs were hired before January 25, 2016.

30.     As of 2018, only three of the eight African American Officers involved in the Complaint remained employed by the Police Department, Plaintiffs herein.

31.     On or about May 11, 2018, the Police Department changed the promotional procedures as previously agreed upon.

32.     In pertinent part, the 2018 policy removed the waiver of formal education and required that officers, even those hired before 2016, obtain certain P.O.S.T. Certifications within 36 months of their last promotion.

33.     Those P.O.S.T. Certifications required college credits.

34.     This policy change directly affected only the remaining African American Officers from the original Complaint who were still employed by the City.

35.     Caucasian Officers, such as Major Sidney Corley, remained largely unaffected.

36.     Lieutenant Robert Ellington was  made an exception from the requirement to obtain the P.O.S.T. Certification.

37.     Lieutenant Robert Ellington is a Caucasian Officer.

38.     Lieutenant Desmond Walker was not promoted and was required to obtain the P.O.S.T. Certification.

39.     Lieutenant Walker is African American.

40.     Certain P.O.S.T. Certification requirements (Advanced Certification) were suspended by Defendant after Sergeant Matthew Allen left Thomaston Police Department and made it known that he was not able to complete the necessary Advance Shooting requirement to obtain Advanced Certification.

41.     Sergeant Allen was allowed to return to his employment with the Thomaston Police Department as Sergeant and the Advanced Certification was dropped.

42.     Sergeant Allen is a Caucasian Officer.

43.     Plaintiff Jeffrey Little obtained his P.O.S.T. Certification after being threatened with demotion.

44.     Plaintiff Snipes obtained her P.O.S.T. Certifications after being threatened with demotion.

45.     On top of the policy changes, Plaintiff Jeffrey Little was moved from the Office of the Chief after he reported a hostile workplace by Major Corley to the Chief, City Manager, Human Resources, and the City Council.

46.     The removal of Plaintiff Jeffrey Little was based on his "toxic relationship" with Major Corley.

47.     Major Corley was not moved from the Office of the Chief.

48.     Major Corley is Caucasian.

49.     Major Corley was a subject of the claims of discrimination in the original Complaint.

50.     No action was taken against Major Corley.

51.     Plaintiff Jeffrey Little's position in the Office of the Chief was filled by a Caucasian officer.

52.      On or about October 2020, Plaintiff George Little was advised that he was being demoted for the failure to obtain P.O.S.T. Certification.

53.     On or about November 3, 2020, Plaintiff George Little was notified of the Chief's final decision to demote him from his position of Lieutenant.

54.     After his demotion, Plaintiff George Little was advised to reapply for his position, and did as instructed.

55.     On or about January 20, 2021, Plaintiff George Little was advised that he was not selected as Lieutenant.

56.     The position was filled by a Caucasian Officer.

57.     Plaintiff George Little thereafter felt forced to retire from the Thomaston Police Department, effective January 24, 2021.

58.     Plaintiff Snipes and Plaintiff Jeffrey Little remain employed by Defendant to date.

59.     Plaintiff George Little filed a claim with the EEOC on or about February 13, 2020, Charge Number 410-2021-05385.

60.     Plaintiff George Little filed a second claim with the EEOC on or about March 17, 2021, Charge Number 410-2020-03621.

61.     Plaintiff Jeffrey Little filed a claim with the EEOC on or about February 13, 2020, Charge Number 410-2020-03622.

62.     Plaintiff Snipes filed a claim with the EEOC on or about February 13, 2020, Charge Number 410-2020-03620.

63.     Plaintiff received their Dismissal and Notice Rights from the EEOC, dated August 9, 2021.

## IV. CLAIMS FOR RELIEF

## COUNT I: TITLE VII RACE DISCRIMINATION

64.     Plaintiffs incorporate by reference paragraphs 1-63 of their Complaint as if fully set forth herein.

65.     Plaintiffs are a member of a protected class by virtue of their race. *Paras. 12, 15, 18.*

66.     Defendant discriminated against Plaintiffs in the terms and conditions of their employment based on race. *Paras. 31-44; 45-51.*

67.     The harassment of Plaintiffs was severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

68.     Plaintiff George Little suffered the adverse action of demotion. *Paras. 52-53.*

69.     Plaintiff George Little suffered the adverse action of non-selection. *Paras 55, 56.*

70.     Defendant has no legitimate business reasons for the adverse actions against Plaintiffs.

71.     Plaintiffs have suffered damages as a result of Defendant's discrimination, for which they are entitled to recovery.

## COUNT II: TITLE VII HOSTILE WORK ENVIRONMENT

72.     Plaintiffs incorporate by reference paragraphs 1-71 of their Complaint as if fully set forth herein.

73.   Plaintiffs are a member of a protected class by virtue of their race. *Paras. 12, 15, 18.*

74.   Defendant discriminated against Plaintiffs in the terms and conditions of their employment based on race. *Paras. 31-44; 45-51.*

75.   The harassment of Plaintiffs was severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

76.   Defendant has no legitimate business reasons for the adverse actions against Plaintiffs.

77.   Plaintiffs have suffered damages as a result of the abusive working environment, for which they are entitled to recovery.

## COUNT III: §1983/§1981 RACE DISCRIMINATION

78.   Plaintiffs incorporate by reference paragraphs 1-77 of their Complaint as if fully set forth herein.

79.   Plaintiffs are a member of a protected class by virtue of their race. *Paras. 12, 15, 18.*

80.   Defendant discriminated against Plaintiffs in the terms and conditions of their employment based on race. *Paras. 31-34;45-51.*

81.   Defendant treated Plaintiff disparately from other employees on the basis of race. *Paras. 31-34*

82.   Defendant has no legitimate business reasons for the adverse actions against PlaintiffS.

83.   Plaintiffs have suffered damages as a result of Defendant's discrimination, for which they are entitled to recovery.

## COUNT IV: §1988 ATTORNEY FEES AND COSTS

84.    Plaintiffs incorporate by reference paragraphs 1-83 of their Complaint as if fully set forth

herein.

85.     As Defendant violated Plaintiffs' rights protected by 42 U.S.C. §§1983 and 1981, Plaintiffs are entitled to recover their attorney's fee and expenses as provided by §1988 and other relevant federal statutes.

**COUNT V: BREACH OF CONTRACT**

86.     Plaintiffs incorporate by reference paragraphs 1-85 of their Complaint as if fully set forth herein.

87.     Plaintiffs and Defendant entered into a valid Agreement. *Paras.23-28.*

88.     Defendant violated the terms of the Agreement. *Paras. 31-34.*

89.     As a result of Defendant's breach of the Agreement, Plaintiff's suffered monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 5th day of November, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

 s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 5th day of November, 2021.


THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com